**Robert Benjamin KALIGIS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70201.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Sept. 20, 2004.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

Robert Benjamin Kaligis, Bellevue, WA, pro se.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, WWS–District Counsel, Seattle, WA, Nelda C. Reyna, Esq., Anthony W. Norwood, Esq., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Robert Benjamin Kaligis, a native and citizen of Indonesia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") summarily affirming the Immigration Judge's ("IJ") decision denying his application for asylum, withholding of deportation and relief under the Convention Against Torture ("CAT"). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Kaligis failed to file his asylum application within one year of arriving in the United States. *See Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001).

We do, however, have jurisdiction to review the IJ's denial of Kaligis' petition for withholding of removal under 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we agree with the IJ's conclusion that Kaligis failed to establish a clear probability that his life or freedom would be threatened on account of an enumerated ground. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Kaligis abandoned any contention regarding his eligibility for relief under CAT, by failing to make any argument in the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

body of his brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Kaligis' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DIS-MISSED in part and DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.